ATLANTIC COUNTY CIRCUIT COURT.

MYRTLE PYLE, PLAINTIFF, v. FIDELITY PHILADELPHIA
TRUST COMPANY, EXECUTOR UNDER THE LAST WILL
AND TESTAMENT OF THOMAS F. CLABBY, DECEASED,
AND BENJAMIN FRIEDBERG, DEFENDANTS.

Decided January 3, 1940.

For the plaintiff, *Harold E. Rottenberg.*

For the executor of Thomas F. Clabby, deceased, *Bolte & Miller.*

JAYNE, C. C. J.   The defendant Thomas F. Clabby having died, the present action by means of appropriate procedure is now being prosecuted against his executor, Fidelity Philadelphia Trust Company.   The executor seeks the allowance of a rule striking out the complaint relative to the alleged liability of the testator Clabby.   It is asserted that the complaint in that relation fails to declare a cause of action.   Such a motion under modern practice (Supreme Court rule 40) has been substituted for and is tantamount to the general demurrer at comon law.   *Savage* v. *Public Service Railway Co.,* 95 *N. J. L.* 432; *Lehigh Valley Railroad Co.* v. *United Lead Co.,* 102 *Id.* 545; *Lully* v. *National Surety Co.,* 106 *Id.* 81; *Blum* v. *Jersey City Lumber Co.,* 112 *Id.* 65.

Positively, in the consideration of a motion of this nature all the facts adequately alleged must be accepted as true. *Tinsman* v. *The Belvidere Delaware Railroad Co.,* 26 *N. J. L.*

148, 159; *Crawford* v. *Winterbottom,* 88 *Id.* 588; *Koewing* v. *West Orange,* 89 *Id.* 539, 540; *Schaedel* v. *Liberty Trust Co.,* 99 *Id.* 380, 382; *Campbell* v. *The Pure Oil Co.,* 15 *N. J. Mis. R.* 723.

It is insisted that the plaintiff is entitled to have the facts alleged in the complaint considered by a jury. Striking out a truly frivolous complaint or answer is not an infringement of the right of trial by jury. *Eisele & King* v. *Raphael,* 90 *N. J. L.* 219, 223; *Wittemann* v. *Giele,* 99 *Id.* 478; *National Surety Co.* v. *Mulligan,* 105 *Id.* 336, 339.

Encountering, then, the predominant question concerning the legal sufficiency of the complaint, it is stipulated that an additional fact to which reference will be presently made, shall also be recognized as if it had been embodied in the allegations of the complaint.

Concisely stated, the complaint avers that on July 10th, 1936, Thomas F. Clabby was the owner of premises situate along the boardwalk from States avenue to Maryland avenue in the city of Atlantic City. A building containing several stores had been erected thereon and a wooden footpath led from the rear of the stores to Maryland avenue. On March 10th, 1936, Clabby let the entire premises to one Benjamin Friedberg for a term commencing April 30th, 1936, and terminating October 1st, 1936. This fact has been stipulated. It is then alleged in the complaint that Friedberg sublet the store known as No. 825 to one John Davis by whom the plaintiff was employed. The plaintiff, while walking on the footpath from the store toward Maryland avenue on July 10th, 1936, was caused to fall, and to thereby suffer bodily injury. The wooden walk "gave way" and "collapsed." Additionally it is alleged that the walk was then "in a dangerous condition and in need of repair" of which facts Clabby had been previously informed.

Significantly, it is declared in the complaint that it was the duty of Clabby "to keep and maintain the said pathway in proper condition and not permit the same to become unsafe, &c.;" that Clabby disregarded this duty and "failed to keep and maintain the said pathway in proper condition so that the same should not become dangerous to the tenants,

employes and rightful occupants of said buildings;" that Clabby "allowed same to be and remain in such unsafe and dangerous condition and out of repair that, by reason of and through defendant's [Clabby's] carelessness and negligence in neglecting to repair said pathway, the plaintiff was seriously and permanently injured."

It is elementary that to create legal liability upon the part of a defendant the injury which presents the basis of the action must be predicated upon the violation, neglect or omission of some legal duty which the defendant owed to the injured party and which constituted the proximate cause of the injury and damage. Otherwise, *damnum absque injuria.* It is essential that the two elements of tort feasance exist, *damnum et injuria. Kingsley* v. *Delaware, Lackawanna and Western Railroad,* 81 *N. J. L.* 536, 541; *Johnson* v. *Public Service Railway Co.,* 83 *N. J. L.* 647; *Morril* v. *Morril,* 104 *Id.* 557; *Louis Kamm, Inc.,* v. *Flink,* 113 *Id.* 582. The naked allegation of a duty is unavailing. The facts and circumstances from which the duty legally arises must be exhibited in the complaint and the sufficiency of the pleading is to be determined from the facts from which the duty is deduced. *Marvin Safe Co.* v. *Ward,* 46 *Id.* 19.

In order to maintain an action of tort for breach of a contractual duty, a plaintiff must have a status under the contract that would entitle such plaintiff to maintain an action upon the contract for its breach. *Clyne* v. *Helmes,* 61 *N. J. L.* 358; *Styles* v. *Long Co.,* 167 *Id.* 413, 417; *Siggins* v. *McGill,* 72 *Id.* 263; *Reilly* v. *Feldman,* 103 *Id.* 517; *Hasse* v. *Gietz,* 108 *Id.* 252; *Fedor* v. *Albert,* 110 *Id.* 493; *Eberle* v. *Productive Building and Loan Association,* 119 *Id.* 393.

The discovery in the present complaint of some legally substantial theory of liability of the defendant Clabby seems unattainable. There is no implied contract or condition upon the letting of a building or land that the premises are or shall be fit and suitable for the use of the tenants or their employes. *Naumberg* v. *Young,* 44 *N. J. L.* 331, 344; *Clyne* v. *Helmes, supra.* Therefore as a general rule a landlord is not liable for injuries sustained by a tenant, his guests or

employes by reason of the ruinous condition of the demised premises. *Siggins* v. *McGill, supra; Reilly* v. *Feldman, supra; Bolitho* v. *Mintz,* 106 *Id.* 449. Normally a tenant leasing premises assumes the risk of dangers arising from the unsafe condition of the premises. *Peterson* v. *Zaremba,* 110 *Id.* 529.

These general rules are not applicable to all circumstances, notably where the defective condition is of a part of the premises intended to be used in common by different tenants and over which portion of the premises the landlord has retained control for such purpose. The reserved control and the express or implied invitation of the landlord to tenants and their guests to make use of such portions of the premises creates the duty on the part of the landlord to exercise reasonable care to have such places reasonably suitable for the intended use. *Gillvon* v. *Reilly,* 50 *N. J. L.* 26; *Gleason* v. *Boehm,* 58 *Id.* 475; *Siggins* v. *McGill, supra; McCracken* v. *Meyers,* 75 *Id.* 935; *Perry* v. *Levy,* 87 *Id.* 670; *Ionin* v. *E. D. & M. Corp.,* 107 *Id.* 145; *Polizzano* v. *Mapes Holding Co.,* 115 *Id.* 352; *affirmed,* 116 *Id.* 180; *Hollingshead* v. *Zemkoski,* 115 *Id.* 376; *affirmed,* 116 *Id.* 177. The owner or landlord, even then, is only liable for an injury resulting from a use of the premises within the confines of his invitation. *Shenin* v. *Steinberg,* 117 *Id.* 458, 460.

Where there is an absolute demise of the entire premises without any reservation by the landlord of a right of entry or control, the use and occupancy of the premises are pursuant to an estate vested in the tenant and are exclusive of the landlord. *Hammer* v. *Vanderbilt,* 116 *N. J. L.* 574. The employes of the tenant enter the premises in such event under the tenant's title and not by any invitation from the owner. There are, of course, other circumstances in which a landlord may become responsible for his acts or omissions although he was not under any contractual or legal obligation to engage in such undertakings. For example, where a landlord voluntarily and gratuitously attempts to make repairs to the demised premises and negligently performs such work. *La Brasca* v. *Hinchman,* 81 *Id.* 367; *Broame* v. *New Jersey Conference,* 83 *Id.* 621; *Charney* v. *Cohen,* 94 *Id.* 381;

*affirmed,* 95 *Id.* 538; *Nilsson* v. *Abruzzo,* 107 *Id.* 327; *Voll-kommer* v. *Menge,* 116 *Id.* 82; *Edwards* v. *Stein,* 121 *Id.* 233; or where the landlord assumes the duty to provide and maintain a light upon a stairway; *Rhodes* v. *Fuller Land and Improvement Co.,* 92 *Id.* 569; *Stathos* v. *Bunevich,* 107 *Id.* 269; or where the owner of a building constructed for public uses temporarily leases it for a public function. *Eckman* v. *Atlantic Lodge,* 68 *Id.* 10; *Johnson* v. *Zemel,* 109 *Id.* 197.

Moreover, it is true that an owner who creates a nuisance on his premises can not escape liability by surrendering occupancy and demising the premises whereon the nuisance continues to exist. *Ingwersen* v. *Rankin,* 47 *Id.* 18; *affirmed,* 49 *Id.* 481. It is to be noticed, however, that in the case just cited the injury complained of did not result from the condition of the premises demised to the plaintiff. It arose from a cause extraneous to the premises demised. But see, *Monzolino* v. *Grossman,* 111 *Id.* 325; *Winarsky* v. *Cohen,* 15 *N. J. Mis. R.* (at *p.* 418); *Wasilewski* v. *McGuire Art Shop,* 117 *N. J. L.* 264. So, also, a lessor of lands is liable for a nuisance where the nuisance is the necessary, contemplated or probable result of the use of the premises for the purposes for which they are leased. *Freeholders of Hudson* v. *Woodcliff Land Co.,* 74 *N. J. L.* 355.

The factual allegations of the complaint at hand do not disclose that the defendant Clabby retained to himself control of the wooden footpath for the common use of the occupants of the premises; that he was under any contractual duty to repair it or that he endeavored to repair it and did so negligently. His alleged dereliction is the failure to maintain the footpath in a safe condition for use by the plaintiff. In the circumstances here alleged and stipulated, it is not apparent that Clabby was under any such duty. In the absence of a covenant to repair, the lessor of demised premises is not obligated by law to make repairs. *Naumberg* v. *Young, supra; Heintze* v. *Bentley,* 34 *N. J. Eq.* 562; *Murray* v. *Albertson,* 50 *N. J. L.* 167; *Barthelmess* v. *Bergamo,* 103 *Id.* 397; *McCarthy* v. *Bye,* 118 *Id.* 94; *Harenburg* v. *August,* 119 *Id.* 83; *Edwards* v. *Stein, supra.*

The complaint does not place the alleged cause of action within any of the categories previously mentioned. The factual situation resembles in its legalistic significance those existing in *Greenwald* v. *Geller,* 9 *N. J. Mis. R.* 525; *affirmed,* 109 *N. J. L.* 549, and in *Mancini* v. *Stephenson's Associates, Inc.,* 15 *N. J. Mis. R.* 9.

A rule will be granted striking from the complaint the alleged cause of action against the executor of Thomas F. Clabby, deceased.